UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA SANCHEZ and FIDEL VASQUEZ SANCHEZ,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DURANGO FARM MANAGEMENT, INC.,<br><br>　　　　　Defendant. | Case No.  1:20-cv-01435-NONE-BAM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT**<br><br>(Doc. No. 15) |

　　　　Currently pending before the Court is Plaintiffs Blanca Sanchez and Fidel Vasquez Sanchez's ("Plaintiffs") motion for leave to amend the First Amended Complaint. (Doc. No. 15.) Defendant Durango Farm Management, Inc., ("Defendant") has not yet appeared in this matter and has not opposed the motion. Having considered the unopposed motion and the record in this case, Plaintiffs' motion for leave to amend shall be GRANTED.

## BACKGROUND

　　　　On October 8, 2020, Plaintiffs filed this employment dispute action against Defendant Durango Farms Management, Inc. (Doc. No. 1.)  The action arises for recovery of unpaid wages

1

and penalties, failure to provide paid rest breaks, failure to record and pay for travel time, failure to record and pay for pre-shift and post-shift work, failure to reimburse expenses, failure to pay all wages due upon separation, damages under the Migrant and Seasonal Agricultural Worker Protection Act ("AWAP"), 29 U.S.C.§ 1801 *et seq.* for the foregoing violations. (*Id.*) Defendant was served with the first amended complaint on February 5, 2021 and have yet to make an appearance. (Doc. No. 12.)

Plaintiffs request leave to amend their complaint to eliminate class actions claims. (Doc. No. 15.)

## DISCUSSION

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v.*

*Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Defendants have yet to appear in this matter. Having considered the moving papers, the Court finds that Plaintiffs have not unduly delayed in seeking to amend the complaint, the amendment is not brought in bad faith, there will be no prejudice to Defendants in permitting the amendment, and there is no indication that such amendment is futile.  Accordingly, leave to amend will be granted.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Leave to Amend the First Amended Complaint (Doc. No. 15) is GRANTED;

2. Within seven (7) days of the date of this Order, Plaintiffs shall file their Second Amended Complaint;

3. Upon the filing of the Second Amended Complaint, the Clerk of Court is directed to issue summons as to Durango Farms Management, Inc.; and

4. Plaintiffs shall effectuate service of the summons and Second Amended Complaint on Durango Farms management, Inc., within thirty (30) days from the date of this order.

IT IS SO ORDERED.

Dated:   **April 23, 2021**            /s/ *Barbara A. McAuliffe*            
UNITED STATES MAGISTRATE JUDGE